I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-17-08

DEPUTY CLERK



FILED

NOV 17 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ARTABIUS WATT DARDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>    Defendants. | Case No. EDCV 08-1402-GW (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I. Facts

Plaintiff Artabius Watt Darden, who is currently a state prisoner incarcerated at the Chuckawalla State Prison in Blythe, California, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on October 22, 2008. The cover page of the complaint named the California Department of Corrections ("CDC") as the Defendant. The allegations in the complaint identified the Wasco State Prison and the Chuckawalla State Prison as the Defendants. Plaintiff made a series of allegations against these Defendants. He claimed a denial of his right of access to the law library, denial of access to the grievance procedure, denial of the right to receive

mail, denial of medical care and retaliation. No facts are alleged in support of these claims and no individual is identified as having committed the misconduct.

On October 23, 2008, this Court dismissed the complaint with leave to amend pursuant to the duty to screen civil rights complaints filed by prisoners. *See* 28 U.S.C. § 1915(e)(2). The Court found that the CDC and both prisons must be dismissed because they are state agencies entitled to sovereign immunity under the Eleventh Amendment. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005); *Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir.1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). Plaintiff was instructed to file a second amended complaint within 30 days against those corrections officers who allegedly violated his constitutional rights.

On November 13, 2008, Plaintiff filed his first amended complaint. The first amended complaint is identical to the original complaint, naming the same defendants and suffering from the same deficiencies. Accordingly, the first amended complaint shall be dismissed with leave to amend.

Plaintiff shall be given one last opportunity to file a viable complaint. If Plaintiff chooses to file a second amended complaint, he should name those individuals as defendants who allegedly violated his Constitutional rights. He must also provide the facts supporting any allegations of misconduct against any newly named defendant. The Court will then evaluate the complaint to determine whether it states

a cause of action. It is hereby **ORDERED**:

1. All claims against the current Defendants are dismissed without leave to amend as to them.

2. Plaintiff will be give an opportunity to demonstrate that he can state a viable claim against any individual defendant. Accordingly, if Plaintiff wishes to pursue this action, he may file a second amended complaint within **twenty-one (21) days** of the date of this Order, remedying the deficiencies discussed above. The second amended complaint must set forth all of the facts which support Plaintiff's claims and may not refer to the original complaint. The second amended complaint should be captioned "SECOND AMENDED COMPLAINT," and should bear this case name. The second amended complaint must clearly identify the specific acts on which the claims are based. It should include the date, time, place, and circumstances of the offending conduct, the names of the individuals who committed the conduct, the full details of what each defendant did or failed to do, and the damage or injury suffered by Plaintiff as a result.

Plaintiff is cautioned that he is responsible for presenting factually accurate information to the court. A knowing misrepresentation to the Court is punishable by sanctions, including dismissal.

3. If Plaintiff decides not to pursue this action, he need not file anything in response to this Order and the case shall be dismissed without prejudice.

4. Plaintiff is cautioned that the failure to timely file a second amended complaint will be construed by the magistrate judge as his consent to dismissal of this action as to the defendants and claims outlined above.

5. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "Second Amended Complaint." If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. He may, however, attach additional pages to detail his allegations, if necessary.

**SO ORDERED**

Dated: November 17, 2008

_____
Marc L. Goldman
United States Magistrate Judge