I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 2-04-09

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB - 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| ARTABIUS WATT DARDEN,<br><br>        Plaintiff,<br><br>        v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS,<br><br>        Defendants. | Case No. EDCV 08-1402-GW (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING<br>SECOND AMENDED COMPLAINT WITH<br>LEAVE TO AMEND |

## I.   Facts

Plaintiff Artabius Watt Darden, who is currently a state prisoner incarcerated at the Chuckawalla State Prison in Blythe, California, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on October 22, 2008. The cover page of the complaint named the California Department of Corrections ("CDC") as the Defendant. The allegations in the complaint identified the Wasco State Prison and the Chuckawalla State Prison as the Defendants. Plaintiff made a series of allegations against these Defendants. He claimed a denial of his right of access to the law library, denial of access to the grievance procedure, denial of the right to receive

mail, denial of medical care and retaliation. No facts were alleged in support of these claims and no individual was identified as having committed the misconduct.

On October 23, 2008, this Court dismissed the complaint with leave to amend pursuant to the duty to screen civil rights complaints filed by prisoners. *See* 28 U.S.C. § 1915(e)(2). The Court found that the CDC and both prisons must be dismissed because they are state agencies entitled to sovereign immunity under the Eleventh Amendment. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005); *Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir.1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). Plaintiff was instructed to file a first amended complaint within 30 days against those corrections officers who allegedly violated his constitutional rights.

On November 13, 2008, Plaintiff filed his first amended complaint. The first amended complaint was identical to the original complaint, naming the same defendants and suffering from the same deficiencies. Accordingly, the first amended complaint was dismissed with leave to amend.

On January 16, 2009, Plaintiff filed a second amended complaint. This complaint contains an entirely new set of allegations of misconduct by a new set of defendants. Plaintiff asserts claims against the prison law librarian for denying him access to legal materials. He asserts that a Sgt. Ayala was deliberately indifferent to a serious medical need. He complains that M. Bunts, an appeal

2

1  coordinator, screened out grievances. He alleges that he was denied
2  some unnamed benefit under the Americans with Disabilities Act.
3  Finally, he complains about his prison classification.

4       For the reasons set forth below, the second amended complaint
5  is **DISMISSED** with leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th
6  Cir. 2000) (*pro se* litigant should be given an opportunity to amend
7  deficient pleadings unless it is clear that these deficiencies cannot
8  be overcome).

9

10  **II.   Discussion and Analysis**

11       **A.     Duty to Screen.**

12       The Court has screened the second amended complaint for purposes
13  of determining whether the action is frivolous or malicious; or fails
14  to state a claim on which relief may be granted; or seeks monetary
15  relief against a defendant who is immune from such relief. *See*
16  28 U.S.C. § 1915(e)(2).

17       The Court's screening of the Complaint under the foregoing
18  statute is governed by the following standards. A complaint may be
19  dismissed as a matter of law for failure to state a claim for two
20  reasons: (1) lack of a cognizable legal theory; or (2) insufficient
21  facts under a cognizable legal theory. *Balistreri v. Pacifica Police*
22  *Dept*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing
23  *pro se*, the Court must construe the allegations of the Complaint
24  liberally and must afford Plaintiff the benefit of any doubt. *See*
25  *Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir.
26  1988). Moreover, in determining whether a complaint states a claim
27  on which relief may be granted, allegations of material fact are
28  taken as true and construed in the light most favorable to the

3

1  Plaintiff.    *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.
2  1989).

3      **B.    The California Department of Corrections and Chuckawalla**
4         **State Prison Are Entitled to Eleventh Amendment Immunity.**

5      The CDC and the state prison must be dismissed because they are
6  state agencies entitled to sovereign immunity under the Eleventh
7  Amendment. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th
8  Cir. 2005); *Natural Resources Defense Council v. California Dep't of
9  Tranp.*, 96 F.3d 420, 421 (9th Cir.1996); *Taylor v. List*, 880 F.2d
10  1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of
11  Prisons was a state agency entitled to Eleventh Amendment immunity);
12  *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201
13  (9th Cir. 1989). Because CDCR is a state agency and the two prisons
14  are part of that state agency, they are entitled to Eleventh
15  Amendment immunity from suit. These Defendants shall be dismissed
16  without leave to amend.

17      **C. Plaintiff Has Failed to State a Claim for Denial of Access**
18         **the Law Library.**

19      Plaintiff claims he was hindered in his access to the law
20  library. Prisoners do not have unfettered access to the law library
21  in prisons. "[P]risoners have a constitutional right of access to the
22  courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is
23  only violated if the prisoner has suffered "actual injury," *Lewis v.
24  Casey*, 518 U.S. 343, 351 (1996), by way of an official action that
25  hindered his or her pursuit of a "nonfrivolous" or "arguable"
26  underlying legal claim, *id.* at 353 & 353 n.3. *See also Christopher
27  v. Harbury*, 536 U.S. 403, 415 (2002)(*citing Lewis*); *Phillips v. Hust*,
28  477 F.3d 1070, 1076 (9th Cir. 2007)(*citing Lewis*). In other words,

the prisoner must demonstrate that his legal position has been somehow prejudiced in that a claim has been lost. *See, e.g., Damm v. Cooper*, – F.3d –, 2008 WL 2705651, at *1 (5th Cir. 2008). A plaintiff must show that he was actually "shut out" of court in order to state a denial of access cause of action. *Christopher*, 536 U.S. at 415; *Phillips*, 477 F.3d at 1076.

Plaintiff has failed to allege an actual injury as required by *Lewis*. He has failed to demonstrate that he suffered any constitutional injury as a result the alleged inability to access the law library. Accordingly, this claim must be dismissed with leave to amend.

### D. **Plaintiff Has Failed to State a Claim for Screening Out of Grievances.**

Plaintiff claims that he has filed numerous grievances which have been screened out by prison officials. It is well-established that prisoners have a constitutional right of access to the courts. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)(citing *Bounds*, 430 U.S. at 821).[1] In addition, the United States Court of Appeals for the Ninth Circuit has held that this right "extends to established prison grievance procedures," since the requirement that a prisoner exhaust the prison grievance procedure before seeking relief in federal court means that the right of access to the courts often "hinges on [the prisoner's] ability to access the prison grievance system." *Id.* The Ninth Circuit has noted that the First Amendment

---

[1] However, there is no separate constitutional entitlement under the Due Process clause in prison grievance procedures. *Sandin v. O'Connor*, 515 U.S 472, 484, 115 S. Ct. 2293 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

right to file prison grievances is "[o]f fundamental import to prisoners." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

However, in order to state a cause of action relating to grievance procedures, an inmate must allege that he was retaliated against for using the prison grievance procedure or was prevented from bringing a specific legal claim by the actions of a prison official in order to establish the deprivation of his First Amendment right of access to the courts. *Id., Lewis v. Casey*, 518 U.S. at 349-51.

Here, there are no such allegations. Plaintiff has simply alleged a violation of the grievance procedure. The failure to follow grievance procedures does not give rise to a § 1983 claim. See *Flournoy v. Fairman*, 897 F.Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo.1986) (violations of grievance system procedures does not deprive inmates of constitutional rights). "The right to petition the government for redress of grievances ... does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy." *Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D. Ind. 2003). See also *Ashann-Ra v. Virginia*, 112 F.Supp.2d 559, 569 (W.D. Va. 2000) (an institution's failure to comply with state's grievance procedures is not actionable under § 1983 and does not compromise an inmate's right of access to the courts). Plaintiff has failed to state a cause of action.

//

//

6

**F. Plaintiff Has Failed to Allege a Claim Upon Which Relief May be Granted for His Prison Classification**

Plaintiff claims that prison officials have misclassified him because they erroneously relied on a 1997 conviction. Because inmates have no inherent liberty interest in their classification by prison officials, Plaintiff has failed to state a claim upon which relief may be granted. *See Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

**E. Plaintiff May Be Able to State a Cause of Action for Deliberate Indifference to a Serious Medical Need**

Plaintiff lastly claims that Sgt. Ayala denied him access to a lower tier bunk when it had been ordered by prison medical officials. He asserts that he was entitled to the bunk because of a vision and a back impairment and that he injured himself as a result of Ayala's misconduct.

The Eighth Amendment does require the government to provide medical care for incarcerated inmates, though not every breach of this obligation is a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). In order to establish a constitutional violation, Plaintiff must show that Defendants were "deliberately indifferent" to his "serious medical needs." *Id.* at 104.

In the Ninth Circuit, the deliberate indifference test is comprised of two parts. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)(en banc). First, Plaintiff must establish a "serious medical need," which may mean, for example, "'the existence of an injury that a reasonable doctor or patient would find important and

7

worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)(quoting *McGuckin*, 974 F.2d at 1059-60). The Court concludes that Plaintiff's allegations of disabling back pain and a vision impairment are sufficient to establish a serious medical need.

Second, Plaintiff must show that Defendants' responses to this need were deliberately indifferent. *Id.* Prison officials may be deliberately indifferent to a prisoner's serious medical need when they delay, deny or intentionally interfere with medical treatment. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Deliberate indifference exists only where the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *accord Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin*, 974 F.2d at 1060.

Here, Plaintiff has arguably stated an Eighth Amendment claim upon which relief may be granted as to Sgt. Ayala, and Ayala shall be served with a copy of the summons and complaint.

## III. Order

It is hereby **ORDERED**:

1. All claims against the Defendants except Sgt. Ayala are dismissed.

2. It is established that a *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is absolutely clear the

8

1  deficiencies of the complaint cannot be cured by amendment.  *Karim-*
2  *Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th
3  Cir. 1987).  Plaintiff will be give an opportunity to demonstrate
4  that he can state a viable claim against any individual defendant for
5  denial of access to the Courts.  Accordingly, if Plaintiff wishes to
6  pursue this action, he may file a third amended complaint within
7  **twenty-one (21) days** of the date of this Order, remedying the
8  deficiencies discussed above.

9      The third amended complaint must set forth all of the facts
10  which support Plaintiff's claims and may not refer to the original
11  complaint. **The third amended complaint may not raise new causes of**
12  **action. Plaintiff has treated this process like a moving target,**
13  **repeatedly failing to state claims upon which relief may be grantee**
14  **and then alleging new claims. The third amended complaint must be**
15  **limited to the claims stated here. It may not allege any claims**
16  **against a defendant who has been deemed immune.**

17      The third amended complaint should be captioned "THIRD AMENDED
18  COMPLAINT," and should bear this case name.  The third amended
19  complaint must clearly identify the specific acts on which the claims
20  are based. It should include the date, time, place, and circumstances
21  of the offending conduct, the names of the individuals who committed
22  the conduct, the full details of what each defendant did or failed
23  to do, and the damage or injury suffered by Plaintiff as a result.

24      Plaintiff is cautioned that he is responsible for presenting
25  factually  accurate  information  to  the  court.  A  knowing
26  misrepresentation to the Court is punishable by sanctions, including
27  dismissal.

28      3.  If  Plaintiff  decides  not  to  pursue  any  other  causes  of

action, he need not file anything in response to this Order and the case shall be dismissed without prejudice.

4. Plaintiff is cautioned that the failure to timely file a third amended complaint will be construed by the magistrate judge as his consent to dismissal of this action as to the defendants and claims outlined above.

5. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "Third Amended Complaint." If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. He may, however, attach additional pages to detail his allegations, if necessary.

**SO ORDERED**

Dated: February 4, 2009

_____
Marc L. Goldman
United States Magistrate Judge